Filed 9/2/15  P. v. George CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062403 |
| v. | (Super.Ct.No. RIF1203066) |
| CHRIS ANTHONY GEORGE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael B. Donner, Judge.  Affirmed with directions.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott Taylor, and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant, Chris Anthony George, was convicted of raping an unconscious person (Pen. Code,[1] § 261, subd. (a)(3)), lewd acts with a child (§ 288, subd. (a)), and active participation in a criminal street gang (§ 186.22, subd. (a)). Defendant appealed that conviction. While his appeal was pending, the Department of Corrections and Rehabilitation (CDCR) wrote to the court, suggesting that the trial court amend its original sentence. The court resentenced the defendant on count 1 on the same date as our opinion in the original appeal was filed, but without the benefit of that opinion.[2] The trial court's amended sentence imposed a full consecutive term for the gang enhancement to count 1. Our decision in the prior appeal remanded the matter for resentencing as to count 1for a statement of reasons to support the imposition of full consecutive terms, and to stay the term on count 3. Defendant now appeals from the resentencing decision.

On appeal from the resentencing, defendant argues that the trial court should be ordered to (1) stay the consecutive term imposed on count three, pursuant to our decision that it was barred by section 654, and (2) conduct a resentencing hearing as to counts 1 and 2 to either state reasons for imposing consecutive terms under section 667.6, subdivision (c), or to impose a sentence pursuant to section 1170.1, subdivision (a). The People agree that the matter must be remanded for resentencing, and we reverse the sentence.

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

[2] Referring to *People v. George* (Nov. 14, 2014, E059313) [nonpub. opn.].

## BACKGROUND

A detailed recitation of facts is not pertinent to the present appeal. On November 19, 2010, Jane Doe, age 13, was taken to an abandoned house, after drinking alcohol with friends in a park. She was so intoxicated she did not recall anything that happened that night, but the next morning she woke up vomiting, with her shoes and pants removed, and barely able to walk. She was eventually taken to a hospital for a sexual assault examination, where swabs were taken and analyzed. Examination of the swabs taken from Jane Doe were compared with secretions found in used condoms found in the abandoned house, and led to the identification of defendant as one of three who had raped her.

Defendant was charged with rape of an intoxicated person (§ 261, subd. (a)(3), count 1), lewd acts with a person under the age of 14 (§ 288, subd. (a), count 2), and active participation in a criminal street gang (§ 186.22, subd. (a), count 3). It was further alleged that counts 1 and 2 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)). Defendant was tried by a jury and convicted on all counts.

At sentencing, the court selected count 2 as the principal term, imposing the low term of three years on that term, plus 10 years for the gang enhancement. The court imposed a full consecutive low term of three years for count 1, plus one-third of the enhancement for an additional one year, eight months. For count 3, the court imposed a consecutive term of eight months, for a total term of 18 years, 4 months. Defendant appealed, challenging the conviction for count 3, and the sentence.

3

On August 22, 2014, the CDCR sent a letter to the superior court indicating that it believed the sentence to be in error or incomplete. Specifically, the Correctional Case Records Manager indicated that because the sentence on count 1 was ordered to run fully consecutive to the principle term (count 2), it was error to impose one-third of the enhancement to that count, pursuant to section 1170.1, subdivision (h).

On November 14, 2014, the trial court resentenced defendant. The court vacated the sentence previously imposed for the gang enhancement to count 1, and in its place ordered that defendant serve a term of five years for that enhancement, to run consecutively.

However, that same date, this Court issued its unpublished opinion in the original appeal, *People v. George,* E059313. In that opinion, we affirmed the jury's true finding on the gang enhancements, as well as the conviction on the count relating to active participation in the street gang, but we reversed the sentence. We held that the trial court failed to state reasons for its decision to impose fully consecutive terms pursuant to section 667.6, subdivision (c), and that the consecutive term for count 3 (active participation in a street gang) violated section 654. We modified the sentence to stay the term for count 3, and remanded the matter to the trial court for resentencing on counts 1 and 2.

On November 17, 2014, defendant appealed from the resentencing decision.

## DISCUSSION

On appeal, defendant asks us to remand for resentencing to stay the term on count 3, and resentence on counts 1 and 2, as directed in our previous disposition.  The People agree.  So do we.

It is well settled that a trial court is bound to follow the terms of a remittitur because the remittitur defines the trial court's jurisdiction on remand.  (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1362.)  We reverse the sentence with directions to resentence on counts 1 and 2, and to issue a corrected minute order and amended abstract of judgment reflecting that count 3 is stayed pursuant to section 654, to be forwarded to the CDCR.

## DISPOSITION

We modify the sentence to stay the term for count 3, and remand for resentencing on counts 1 and 2.  A copy of the amended abstract should be forward to the CDCR. Except as modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

MILLER
J.

5